NO. 07-03-0550-CR


NO. 07-03-0551-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 14, 2004



______________________________




SAMUEL BARTHOLOMEW SMIDDY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 12,263-B & 13,873-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Following the trial court's judgments adjudicating his guilt for burglary of a building
and aggravated assault, appellant Samuel Bartholomew Smiddy perfected these appeals. 
The clerk's records were filed on March 26, 2004. After the court reporter filed extensions
of time in which to file the records indicating that no written designation or arrangement to
pay had been made, by letter dated May 13, 2004, this Court granted an extension until
June 10, 2004. By that same letter, attorney Hayward M. Rigano was directed to file a
written certification with this Court by June 1, 2004, indicating whether he had complied
with the Rules of Appellate Procedure and if not, a reasonable explanation for non-compliance. Counsel did not respond and the reporter's records have not been filed. A
review of the clerk's records demonstrates that on August 7, 2003, attorney George
Harwood was appointed to represent appellant. However, a month later the trial court
granted a motion to substitute Rigano as appellant's counsel.

 Therefore, we now abate these appeals, and remand the causes to the trial court
for further proceedings. See Tex. R. App. P. 37.3(a)(2). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute these appeals;

 2. whether appellant is indigent and entitled to appointed counsel; and

 3. why appellant is being deprived of reporter's records.


The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue these appeals and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in 
supplemental clerk's records. The supplemental records of the hearing shall also be
included in the appellate records. Finally, the trial court shall file the supplemental clerk's
records and the supplemental reporter's records with the Clerk of this Court by Monday,
July 26, 2004.

 It is so ordered.


 Per Curiam


Do not publish.



icted of the offense of fraudulent record of court, which is the subject of this appeal. 

 Only portions of the reporter's record have been requested by appellant and
furnished to this court. Those include the hearing on a bill of particulars filed by appellant
and a motion to transfer venue; a hearing on appellant's motion for continuance; the
State's opening, closing, and rebuttal arguments during the guilt/innocence phase of trial;
the testimony of one State's witness, David Blount, and the testimony of one witness for
appellant, Jerry Herndon, during the guilt/innocence phase of the trial; the testimony of one
witness, Kinan Burk, during the punishment phase of trial; and sentencing. No trial
exhibits have been furnished to this court and therefore we are without benefit of the
document which is the subject of the charge against appellant. Moreover, as already
stated, no contentions of error are before us for review.

 At the pretrial hearing on the failure of the State to respond to appellant's demand
for a bill of particulars, the record shows that the bill of particulars consisted of a series of
questions that appellant wished the State to answer. Appellant was not able to cite any
authority to the trial court supporting his position that the State was legally required to
provide those responses, and the court overruled that motion. The court also overruled
appellant's show cause petitions against two individuals requiring one to verify appellant's
demand for bill of particulars and for a demonstration of another individual's mind reading
capabilities. 

 Appellant filed a motion to change venue based on his not being able to obtain a
fair trial because of the publication of an article by the Amarillo Globe News on May 11,
2000, and "numerous inflammatory news reports on the TV and radio stations." A motion
to change venue is reviewed under an abuse of discretion standard. Banda v. State, 890
S.W.2d 42, 53 (Tex.Crim.App. 1994), cert. denied, 515 U.S. 1105, 115 S.Ct. 2253, 132
L.Ed.2d 260 (1995). The affidavits in support of appellant's motion refer specifically only
to the May 11, 2000 article in the newspaper. The State contested the motion and offered
a witness at the hearing, who was an attorney for the Potter County Attorney's Office, who
testified he kept up with current affairs but had no knowledge of appellant or the crime with
which he was charged. The court found there was not sufficient evidence that appellant
could not get a fair trial in Randall County. 

 A motion for continuance is also within the discretion of the trial court. Heiselbetz
v. State, 906 S.W.2d 500, 511 (Tex.Crim.App. 1995). Appellant moved for continuance
on the day of trial because he needed sufficient time to prepare for trial. In denying that
motion, the court noted that the complaint was filed on May 10, 2000, and that appellant
had been free on bond. The court also noted the case had been set previously for trial on
July 14. Appellant appeared on that day and, at that time, the trial was continued until
August 7, 2000, at which time pretrial matters were heard. The trial itself was then
continued to the following day. In response to appellant's assertions that he did not realize
trial would begin immediately after pretrial motions were heard and that he was acting "pro
se," the trial court reminded appellant that he had previously been told that if he could not
afford an attorney, one would be appointed for him, or, alternatively, he could hire his own
lawyer. 

 Our examination of the record reveals that appellant did not object to any portion
of the State's argument or the testimony of its witnesses. We have also reviewed the
complaint and the charge. In sum, our examination of the portion of the record before us
does not show any fundamental error. That being so, we affirm the judgment of the trial
court. 


 John T. Boyd

 Chief Justice


Do not publish.